**BJORGUM LAW, PC**
A. Eric Bjorgum (SBN: 198392)
119 E. Union Street, Suite C
Pasadena, CA 91103
Telephone: 213.596.6390
Fax: 213.596.6399
Email: eric.bjorgum@bjorgumlaw.com

Attorneys for Plaintiff
Skeith Sean Keith DeWine

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Skeith Sean Keith DeWine, an individual,<br><br>Plaintiff,<br>v.<br><br>Petersen Automotive Museum; Petersen Automotive Museum Foundation, a California non-profit corporation, and DOES 1 – 10, inclusive,<br><br>Defendants. | Case No. 8:26-cv-02843<br><br>COMPLAINT FOR:<br><br>**1. Violation of Cal. Civil Code § 987**<br>**2. Violation of 17 U.S.C. § 106A(a)(3)(B)**<br>**3. Violation of 17 U.S.C.§106A(a)(3)(A)**<br>**4. Conversion**<br>**5. Breach of Bailee's Duty**<br>**6. Breach of Contract**<br>**7. Negligence**<br><br>JURY TRIAL REQUESTED |

Plaintiff Skeith Sean Keith DeWine, by and through his attorneys, Bjorgum Law, PC, for his Complaint against Defendant Petersen Automotive Museum, Petersen Automotive Museum Foundation and DOES 1 – 10, inclusive (collectively, "Defendants") alleges, on knowledge as to his own actions, and otherwise upon information and belief, as follows:

**PARTIES**

1. Plaintiff Skeith Sean Keith DeWine ("Plaintiff") is an individual residing in Orange County, California.

2. Upon information and belief, Defendant Petersen Automotive Museum ("Petersen Museum") is an entity of unknown form operating as a museum with its principal place of business at 6060 Wilshire Blvd., Los Angeles, County of Los Angeles, State of California.

3. Upon information and belief, Defendant Petersen Automotive Music Foundation ("Petersen Foundation") is a California non-profit, public benefit corporation, b with its principal place of business at 6060 Wilshire Blvd., Los Angeles, County of Los Angeles, State of California.

4. DOES 1-10 are unknown individuals or entities responsible in whole or in part for that acts alleged herein. Plaintiff reserves the right to add the DOE Defendants as they become known. Petersen Museum, Petersen Foundation, and DOES 1-10 shall be referred to collectively as "Defendants."

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the Visual Artists Rights Act (17 U.S.C.§ 106A), which is part of the Copyright Act. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), in that a

substantial part of the events or omissions giving rise to the claim occurred in this district, including the exhibition, removal, and destruction of Plaintiff's artwork at the Petersen Automotive Museum.

**STATEMENT OF FACTS**

5. Plaintiff is a known visual artist residing in Orange County, California. Plaintiff has been featured on PBS SoCal's "Artbound" series, the Los Angeles Times, KPCC, and Hyperallergic. He has been on long-time advocate for the arts and the intersection of art and science, particularly in Orange County.

6. Plaintiff, together with Mike Polumbo, instituted an educational program described as the first "STEAM" (Science, Technology, Engineering, Arts, and Mathematics) program in the United States.

7. The art education programs introduced by Plaintiff and Polumbo contributed to the establishment of the California Leonardo da Vinci Institute, which led to panel discussions, exhibitions, and educational outreach programs for children and young adults regarding art, science and the intersection of art and science.

8. One of Plaintiff's most notable creations was a sculptural work entitled "Betty the Art Car" (the "Art Car"), created from a 1973 Ford Maverick. Plaintiff was inspired by Keith Haring's subway drawings when creating the Art Car. Plaintiff obtained notoriety for the creation and display of the Art Car.

9. In 2003, the Art Car was restored and enhanced at the Petersen Museum in conjunction with the "Wild Wheels: Art for the Road" exhibit.

10. The Petersen Museum styles itself as "the world's best automotive museum." The Petersen Museum claims that:

> Our mission is to demonstrate that the automobile is more than just a mode of transportation. It is a legitimate historical artifact to preserve and to study. The Petersen Automotive Museum considers it a responsibility to collect, preserve, and interpret the most meaningful objects of our desired

affection, so that they survive. To provide lessons from the past, even as they serve to give us inspiration for the future.

https://www.youtube.com/watch?v=ZlBavI49beA&t=26s

11. During the restoration project, Plaintiff worked with children who learned about color, texture, and mechanics. Photos of the Art Car restoration and display at Defendants' museum are attached hereto as Exhibit A.

12. The Art Car was eventually accepted into the permanent collection of the Defendants' museum, which was a noteworthy acquisition. A press release issued by Defendant on March 17, 2003, stated that the Art Car would be donated to Defendant's permanent collection after restoration. A copy of that press release is attached hereto as Exhibit B. The "Los Angeles Times" also reported that the Art Car would be part of the permanent collection of the Petersen. A copy of that article is attached hereto as Exhibit C.

13. With the Art Car being accepted into the permanent collection of "the world's best automotive museum," which proclaims its mission is to establish the automobile as "a legitimate historical artifact to preserve and to study," Plaintiff reasonably believed his work would be preserved on the basis of its aesthetic value. Aside from being a car, it was a work of fine art of recognized quality and a work of recognized stature.

14. Plaintiff, unsurprisingly, understood "permanent collection" to mean that the Art Car would remain in Defendants' possession and collection indefinitely. However, in March 2024, Plaintiff learned that the Art Car had been removed from Defendant Petersen Museum without Plaintiff's knowledge.

15. Plaintiff was distressed but could not learn the fate of the Art Car. By late March 2024, Plaintiff learned that the Art Car had been destroyed.

16. After the destruction of the Art Car was reported, colleagues and professionals in the art world contacted Plaintiff to express their dismay. Some of these included curators. There was concern that the wholesale destruction of

Plaintiff's work would dimmish his reputation in the art world.

17. On information and belief, when Channel 2 News wished to interview Plaintiff, Defendants or their agent interfered and claimed that Plaintiff was not credible.

18. Due to the brazen destruction of the Art Car, Plaintiff's reputation has been injured in the art world, as his work is portrayed as disposable and without value. Plaintiff is left with a significant gap in his resume and firsthand evidence of one of the first STEAM projects in the United States.

19. Defendants did not provide Plaintiff with 90 days' notice prior to the destruction of the Art Car.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### (Violation of Cal. Civil Code § 987 – Against All Defendants)

20. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 19, as if fully set forth herein.

21. Plaintiff is the creator of a work of fine art, "Betty the Art Car," which qualifies for protection under Cal. Civil Code § 987 as a work of fine art of recognized quality. Defendants destroyed the work without providing Plaintiff with the required 90 days' notice, and did so at least with gross negligence, if not willfully.

22. As a result of Defendants' actions, Plaintiff has suffered damage, including but not limited actual damages, punitive damages, reasonable attorneys' and expert witness fees, and any other relief which the court deems proper.

## SECOND CAUSE OF ACTION

### (Violation of 17 U.S.C. § 106A(a)(3)(B) – Against All Defendants)

23. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 22, as if fully set forth herein.

24. Plaintiff is the author of a work of visual art of recognized stature, "Betty the Art Car." Defendants intentionally or at least with gross negligence destroyed the work, thereby violating Plaintiff's right of integrity under 17 U.S.C. § 106A(a)(3)(B). As a result of Defendants' violation of section § 106A(a)(3)(B), Plaintiff has suffered (1) actual damages (including lost licensing fees, reputational harm); (2) statutory damages of $750-$30,000 per work; (3) enhanced statutory damages up to $150,000 per work for willful violations; (4) injunctive relief under 17 U.S.C. § 502; and (5) attorney's fees under 17 U.S.C. § 505.

**THIRD CAUSE OF ACTION**

**(Violation of 17 U.S.C. § 106A(a)(3)(A) – Against All Defendants)**

25. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 24, as if fully set forth herein.

26. Defendants removed and destroyed "Betty the Art Car" without Plaintiff's knowledge or consent, thereby violating Plaintiff's right to prevent distortion, mutilation, or other modification of the work under 17 U.S.C. § 106A(a)(3)(A). As a result of Defendants' violation of section § 106A(a)(3)(A), Plaintiff has suffered (1) actual damages (including lost licensing fees, reputational harm); (2) statutory damages of $750-$30,000 per work; (3) enhanced statutory damages up to $150,000 per work for willful violations; (4) injunctive relief under 17 U.S.C. § 502; (5) attorney's fees under 17 U.S.C. § 505.

**FOURTH CAUSE OF ACTION**

**(Conversion – Against All Defendants)**

27. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 26, as if fully set forth herein.

28. Plaintiff had a right to possess "Betty the Art Car." Defendants converted and wrongfully exercised dominion and control over the work by removing and destroying it without Plaintiff's consent, thereby depriving Plaintiff of possession and causing damages.

29. As a result of Defendants' conversion, Plaintiff has suffered statutory-presumed damages under Cal. Civ. Code § 3336, including value of the property at the time of the conversion, with interest from that time, or an amount sufficient to indemnify the injured party for the loss that is the natural, reasonable, and proximate result of the wrongful act and which a proper degree of prudence would not have averted; and (2) a fair compensation for the time and money properly expended in pursuit of the property. Pursuant to Cal. Civ. Code § 3355, Plaintiff has suffered further damage for the peculiar value of the Art Car, including recovery beyond market value as it is a unique and irreplaceable property. Plaintiff further seeks exemplary damages because Defendants destroyed the art car with oppression and malice.

**FIFTH CAUSE OF ACTION**

**(Bailment – Breach of Bailee's Duty – Against All Defendants)**

30. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 29, as if fully set forth herein.

31. Defendants accepted possession of "Betty the Art Car" for the purpose of exhibition and preservation, creating a bailment. Defendants negligently or otherwise breached its duty as bailee by failing to safeguard the work and by destroying it without notice to Plaintiff, resulting in damages.

32. The fundamental measure of damages for a bailee's breach of duty is the actual value of the property lost or destroyed. Civil Code § 3336 applies: the bailee is presumed liable for (1) the value of the property at the time of conversion with interest, or an amount sufficient to indemnify the bailor for losses proximately resulting from the wrongful act; and (2) fair compensation for the time and money properly expended in pursuit of the property

**SIXTH CAUSE OF ACTION**

**(Breach of Contract – Against Defendants)**

33. Plaintiff repeats and realleges the allegations contained in paragraphs

1 through 32, as if fully set forth herein.

34. An agreement existed between Plaintiff and Defendant that “Betty the Art Car” would be included in Defendant’s permanent collection. Defendant breached this agreement by removing and destroying the work without notice or consent, causing Plaintiff damages.

35. As a result of Defendants’ breach of contract, Plaintiff has suffered general damages in an amount to be determined at trial but not limited to losses suffered for the failure to maintain his work as part of the permanent collection of Defendants’ museum. He has also suffered consequential damages in an amount particular to the arrangement he had with Defendants. Defendants knew or should have known the value that a car would have as part of the permanent collection of their museum. Plaintiff further suffered statutory-presumed damages under Cal. Civ. Code § 3336, including value of the property at the time of the conversion.

**SEVENTH CAUSE OF ACTION**

**(Negligence – Against All Defendants)**

36. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 35, as if fully set forth herein.

37. Defendants owed Plaintiff a duty to exercise reasonable care in the preservation and handling of “Betty the Art Car.” Defendants breached this duty by removing and destroying the work without notice, and such breach was at least grossly negligent. As a direct and proximate result, Plaintiff suffered damages.

38. As a result of Defendants’ negligence, Plaintiff has suffered general damages per Civil Code § 3333 in an amount that would compensate for all the detriment proximately caused, for Defendants’ violation of the general duty of care to Plaintiff in possessing and maintain a signature art work. Plaintiff has suffered special damages for his loss of further earning capacity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Skeith DeWine respectfully requests that this Court:

1. Declare that Defendants violated Plaintiff Skeith DeWine's rights under Cal. Civil Code § 987 and 17 U.S.C. § 106A(a)(3)(A) and (B) by destroying "Betty the Art Car" without providing the required notice and without Plaintiff's consent, and that such destruction was at least grossly negligent, if not willful.

2. Enjoin Defendants from further violating Plaintiff Skeith DeWine's rights under Cal. Civil Code § 987 and 17 U.S.C. § 106A with respect to any other works of fine or visual art created by Plaintiff that may be in Defendants' possession or control, as well as from disparaging Plaintiff further in the media.

3. Award Plaintiff Skeith DeWine compensatory damages against Defendants an amount to be determined at trial, but not less than $150,000, for the destruction of "Betty the Art Car," including damages for loss of the work, reputational harm, and other actual damages suffered as a result of Defendants' conduct.

4. Award Plaintiff Skeith DeWine or his designee(s) punitive damages against Defendants as permitted by Cal. Civil Code § 987 for the willful or grossly negligent destruction of "Betty the Art Car".

5. Award Plaintiff Skeith DeWine statutory damages against Defendants as permitted by 17 U.S.C. § 106A and related provisions.

6. Award damages for conversion, bailee's breach of duty, breach of contract and negligence under California law and as provided herein.

7. Award Plaintiff Skeith DeWine reasonable attorneys' fees and costs of suit, including expert witness fees, as permitted by Cal. Civil Code § 987 and 17 U.S.C. § 106A and law on bailments.

8. Award Plaintiff Skeith DeWine prejudgment and post-judgment interest as allowed by law.

9. Grant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Date: September 27, 2026

BJORGUM LAW, PC

By: *_/s/ A. Eric Bjorgum_*
A. Eric Bjorgum
Attorneys for Plaintiff
Skeith Sean Keith DeWine